**Jojo Franco Stefano SETLIGHT; Vonny Deanne Silvana, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72558.
Agency Nos. A79–194–180, A79–194–199.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioners.

WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Michael J. Singer, Esq., Anthony A. Yang, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondents.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Jojo Franco Stefano Setlight and Vonny Deanne Silvana, husband and wife and natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ")

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

order denying their applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Petitioners contend that the IJ erred by finding that they did not establish past persecution or a well-founded fear of future persecution. We disagree. Substantial evidence supports the IJ's conclusion that petitioners failed to establish sufficient individualized harm or risk of future harm to be eligible for asylum based on past persecution or a well-founded fear of future persecution. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) (recognizing that "[m]ere generalized lawlessness and violence" without a particularized risk to the petitioner is generally insufficient to support a claim of asylum). Moreover, on the record before us, petitioners did not establish that Indonesian Christians are subject to the systematic government-sanctioned mistreatment that is required to demonstrate a "pattern or practice" of persecution. *See Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994); 8 C.F.R. § 208.13(b)(2)(iii)(A).

Because petitioners did not establish eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Substantial evidence supports the IJ's denial of petitioners' CAT claim. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.